UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| ORIENTAL FINANCIAL SERVICES CORP., <br><br> Petitioner, <br><br> v. <br><br> PEDRO ENRIQUE BOJ UMPIERRE, <br><br> Respondent. | CIVIL ACTION <br> NO. 3:17-01817-WGY |
| OVIDIO TORRENS-CASTRO, CARMEN DELIA CALDERON-ESTRADA, and the CONJUGAL PARTNERSHIP TORRENS-CALDERON, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE, RICHARD DOE, MICHAEL C. MURILLO, and SALOMON WHITNEY FINANCIAL, LLC, <br><br> Defendants. | CIVIL ACTION <br> NO. 3:17-01745-WGY |

YOUNG, D.J.[1]                                                July 27, 2018

**MEMORANDUM CONCERNING ARBITRATION ISSUES**

I.  **ORIENTAL FINANCIAL SERVICE CORP. V. UMPIERRE**

   The respondent, Pedro Enrique Boj Umpierre ("Umpierre")

---

[1] Of the District of Massachusetts, sitting by designation.

seeks reconsideration of this Court's June 20, 2018 confirmation of an arbitration award in favor of Oriental Financial Services Corp. (ECF No. 41). The Court denied Umpierre's motion for reconsideration (ECF No. 42) on July 23, 2018.

Umpierre seems to think that a petition to confirm an arbitration award is the commencement of a new case. It is not. In the absence of egregious impropriety, the court's only function is to confirm the award. Even mistake of law will not prevent confirmation. Prudential-Bache Sec., Inc. v. Tanner, 72 F.3d 234, 239 n.6 (1st Cir. 1995). Here, after careful review of the record, there appears no impediment to confirming the award and the Court acted promptly to do so. Delay frustrates one of the salutary purposes of arbitration. See 16th St. Investments, LLC v. KTJ 216, LLC, No. 3:17-00174-WGY-ARS, 2018 WL 1612189, at *1 (D.N.D. Apr. 3, 2018).

## II. TORRENS-CASTRO v. SALOMON WHITNEY AND MURILLO

In this case, the plaintiffs complain of the defendants' fraud and misrepresentations in the sale of securities. Ovidio Torrens-Castro ("Torrens-Castro") had executed a broad arbitration agreement with Salomon Whitney Financial, LLC ("Salomon") and Salomon at once moved to dismiss, claiming that arbitration was Torrens-Castro's sole remedy.

The Court had a number of problems with the claim to arbitration. First, the arbitration contract is in English.

[2]

Torrens-Castro speaks only Spanish. He claims he did not understand he was signing away his statutory rights.[2] In light of Soto v. State Indus. Prod., Inc., 642 F.3d 67 (1st Cir. 2011), however, this Court could not deny arbitration on this ground. But see the more recent enlightened opinion of the First Circuit in Cullinane v. Uber Technologies, Inc., 893 F.3d 53 (1st Cir. 2018), which makes me think I was perhaps too quick to send these parties to arbitration.

Second, as the arbitration is to take place in Atlanta, Georgia, Torrens-Castro made the equitable argument that he is simply financially unable to press his claims in that distant forum. As this fiscal reality makes no impression on a majority of the justices of the Supreme Court, however, see, e.g., Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612 (2018); American Exp. Co. v. Italian Colors Rest., 570 U.S. 228 (2013), I am not at liberty to weigh it in the balance here.

It is worth noting that this arbitration agreement is precisely the type of agreement condemned by the Consumer Financial Protection Bureau ("CFPB") in its thorough study of

---

[2] The Court says "statutory" rights since American citizens resident in Puerto Rico (that's all the citizens of the Commonwealth) do not enjoy the Seventh Amendment right to a jury of their peers as do all other American citizens in light of the infamous Insular Cases. See Andrew Kent, The Jury and Empire: The Insular Cases and the Anti-Jury Movement in the Gilded Age and Progressive Era, 91 S. Cal. L. Rev. 375, 440-41 (2018).

the subject. See Consumer Fin. Protection Bureau, <u>Arbitration Study: Report to Congress, Pursuant to Dodd-Frank Wall Street Reform and Consumer Protection Act § 1028(a)</u> (2015). The claim of arbitration here is not actually seeking a faster, more efficient, and cheaper method of dispute resolution. It is, rather, a maneuver that effectively immunizes Salomon from having to respond to these charges at all. See Jessica Silver-Greenberg & Michael Corkery, <u>In Arbitration, a "Privatization of the Justice System"</u>, N.Y. Times (Nov. 1, 2015), https://www.nytimes.com/2015/11/02/business/dealbook/in-arbitration-a-privatization-of-the-justice-system.html; Jessica Silver-Greenberg & Robert Gebeloff, <u>Arbitration Everywhere, Stacking the Deck of Justice</u>, N.Y. Times (Oct. 31, 2015), https://www.nytimes.com/2015/11/01/business/dealbook/arbitration-everywhere-stacking-the-deck-of-justice.html.

It is for this reason that the CFPB banned such pre-dispute mandatory arbitration agreements in financial areas, <u>see</u> 12 C.F.R. § 1040 (2017), only to have Congress overturn this ban, <u>see</u> Joint Resolution, Pub. L. 115-74, 131 Stat. 1243 (2017), for the curious reason that access to America's courts benefits only lawyers. <u>See</u> 163 Cong. Rec. S6738-02 (daily ed. Oct. 24, 2017) (statement of Sen. Cornyn), 2017 WL 4798788, at *S6755-56.

Bound by controlling law, this Court sent Torrens-Castro and Salomon to arbitration, stayed that portion of the case, and

[4]

ordered that the Torrens-Castro-Murillo part of the case be ready for a final pre-trial conference in September, 2018. See ECF No. 32.[3]

This woke up the co-defendant Michael C. Murillo ("Murillo"). Noting that Salomon had achieved effective immunity from suit, he decided he was entitled to the same escape as the "agent" of Salomon. This claim comes far too late. Aside from the issue whether Murillo has waived a claim for arbitration, there is nothing to the claim itself.

Murillo is not an employee of Salomon and there are allegations of fraud and misrepresentation specific to Murillo throughout the complaint. Torrens-Castro and Murillo have no arbitration agreement between them. Indeed, were the tables turned and Torrens-Castro was seeking arbitration, Murillo as a non-signatory of any such agreement would have a well nigh insuperable defense to forced arbitration. See McCarthy v.

---

[3] It is worth nothing that this anticipated jury trial will take place long before any arbitration between Torrens-Castro and Salomon (even were one to take place) will get off the ground. This is no idle speculation. My experience as a visiting judge in nine different district courts convinces me that even in the very busy District of Puerto Rico a trial-ready civil case will go to trial shortly after it is actually trial ready. District judges love to try cases. Indeed, the District of Puerto Rico is, and has been for a number of years, one of America's Most Productive Federal District Courts. See America's Most Productive Federal District Courts, Fiscal Year Ending September 30, 2017 (Dec. 14, 2017) (on file with Judge William G. Young (D. Mass.)).

[5]

*Azure*, 22 F.3d 351, 355 (1st Cir. 1994). But see *Sourcing Unlimited, Inc.* v. *Asimco Int'l, Inc.*, 526 F.3d 38, 48 (1st Cir. 2008). For these reasons, this Court denied Murillo's claim for arbitration, ECF No. 42, and pressed on toward a prompt trial.

Balked at escaping liability, Murillo appeals, ECF No. 43, as is his undoubted right. He claims that were he to face a trial before a jury of his peers, he would lose his contractual right to arbitration and thus he may maintain an interlocutory appeal. Here, where there is no such agreement at all, it is hard for this Court to see what he is talking about. Nevertheless, this Court scrupulously honors Murillo's right to such an appeal.

Accordingly, this case is ordered administratively closed. It may be reopened upon motion of either party upon the conclusion of appellate proceedings.

So now months will pass, memories will dim, neither party will be able to engage in the discovery necessary to develop their case. As a practical matter, the appeal is probably dispositive of the case. If Torrens-Castro wins, he will be back at the beginning of the litigation having exhausted much of his apparently meager resources just to keep the courthouse doors open. If Murillo wins, he will avoid further litigation costs as it is likely no fact-finder will ever examine the

merits. Perhaps this is the best our system of justice can do for our citizens. Somehow it seems wrong.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE